## SUMMONS

Doc. No. 227199

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508

David L Schauer v. BNSF Railway Company

Case ID: CI 07    4921

TO:  BNSF Railway Company

You have been sued by the following plaintiff(s):

    David L Schauer

| | |
|---|---|
| Plaintiff's Attorney: | Mark D McGuire |
| Address: | 605 South 14th Street |
| | Suite 100 |
| | Lincoln, NE 68508 |
| Telephone: | (402) 434-2390 |

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties within 30 days of service of the complaint/petition and filed with the office of the clerk of the court within a reasonable time after service. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: NOVEMBER 29, 2007      BY THE COURT:   *Sue M Kirkland*
                                                                Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    BNSF Railway Company
    c/o CT Corporation System
    301 S 13th St, Ste 500
    Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.



EXHIBIT B

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| DAVID L. SCHAUER, | ) | Case No. CI07-4931 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| BNSF RAILWAY COMPANY, a | ) | |
| Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## I.   JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 1217, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

   (a) A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on or about September 10, 2007.

   (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, David L. Schauer, is a citizen of the United States and the state of Nebraska who resides in Lincoln, Lancaster County, Nebraska, 68512.

4. The Defendant, BNSF Railway Company (hereinafter "BNSF") is a Delaware Corporation authorized to do business in the State of Nebraska.

This is a COPY
Original filed by the
CLERK DISTRICT COURT
of Lancaster County, NE
on NOV 28 2007

5. BNSF is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

6. BNSF is engaged in an "industry affecting commerce" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. BNSF employs 15 or more employees and is an "employer" within the meaning of § 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

8. All the discriminatory employment practices alleged herein were committed within the State of Nebraska.

## II. STATEMENT OF FACTS

9. Plaintiff was employed by BNSF on or about February 16, 1999, as a machinist.

10. Prior to employment, Plaintiff submitted to BNSF's pre-employment physical examination which acknowledged the presence of congenital anomalies to his right arm. These anomalies did not prevent Plaintiff from performing the normal duties of a Journeyman Machinist and was accepted by BNSF for employment. Until furloughed on or about June 10, 2002, Plaintiff performed a variety of tasks for BNSF and operated a variety of machines and equipment including, but not limited to Journal Lathe (Pit Lathe), Swing Station, Wheel Demount Press, #2 Axle Lathe, #3 Axle Lathe, Axle Magnaglow, Bearing Handler, Bearing Mount (Havelock), Boring Mill/Wheel Mounting, Discharge Axle Stacker, and Freight Car Shop Bearing Demount.

11. On or about June 11, 2002, Plaintiff submitted to BNSF his attending physician's report which stated Plaintiff was fit to return to work.

12. Plaintiff remained on furlough status as of May, 2004, when he received notification from BNSF that he had been recalled to service at BNSF's Lincoln Diesel Shop.

13. BNSF requested Plaintiff to submit a medical questionnaire which he did.

14. BNSF's physician, Dr. Michael Jarrard, advised Plaintiff on or about June 11, 2004, that the determination had been made that Plaintiff was not medically qualified to return to duty as a Machinist in the Lincoln Diesel Shop.

15. On or about July 7, 2004, Plaintiff was advised that a determination had been made to allow Plaintiff to return to work only in those positions that he could perform safely with the use of only his left arm. Having no such positions, BNSF subsequently advised Plaintiff he would not be permitted to return to work and was instructed to seek alternative employment.

16. Plaintiff successfully performed all duties assigned to him by BNSF during the three-year period from February 16, 1999, through June 14, 2002.

### III. CLAIM FOR RELIEF

17. At all times relevant hereto, Plaintiff is an individual with a "disability" as that term is defined in Section 3(2) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102. More specifically, because of his congenital anomaly of his right arm from birth:

    (a) Substantially limits one or more major life activities;

    (b) Has a record of such impairment;

    (c) Is regarded by BNSF as having such an impairment.

18. Plaintiff is a qualified individual with a disability within the meaning of § 108(8) of the ADA, 42 U.S.C. § 12111(8), in that Plaintiff is an individual with a disability,

3

who, with or without reasonable accommodations, can perform the essential functions of the Machinist position with BNSF.

19. BNSF's denial of employment to Plaintiff is a violation of § 102 of the Americans with Disabilities Act, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability in that BNSF:

(a) Failed to rehire Plaintiff on the basis of a medical examination not directly related to the requirements of the specific job Plaintiff was capable of performing; and

(b) Failed to rehire Plaintiff because of his disability (congenital anomaly of his right arm from birth) which is unrelated to Plaintiff's ability to perform the essential functions of the Machinist position for which he applied.

20. As a direct consequence of BNSF's denial of employment to Plaintiff, BNSF discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's disability.

21. BNSF's discriminatory conduct as to Plaintiff was taken with malice and with reckless indifference to the federally protected rights of Plaintiff.

22. As a direct and proximate result of Defendant's discrimination, Plaintiff has been deprived of economic benefits, including, but not limited to, loss of fringe benefits, and loss of job opportunities (promotion).

23. Defendant's denial of employment to Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### IV. PRAYER FOR RELIEF

Plaintiff respectfully prays the Court to grant the following relief:

1. That Plaintiff be granted injunctive relief requiring BNSF to employ Plaintiff in the Machinist position to which he applied or a comparable Machinist position.

2. Enjoin BNSF from further prohibited discrimination against Plaintiff.

3. Order that Plaintiff be awarded the back pay he would have earned, together with related monetary benefits and interest thereon, from May 26, 2004, the date he would have been rehired but for BNSF's discrimination.

4. Award Plaintiff compensatory damages in an amount to be established at trial of this matter.

5. Award Plaintiff punitive damages in an amount to be determined at trial of this matter.

6. Award Plaintiff his attorneys fees, including legal expenses and costs pursuant to § 505 of the ADA, 42 U.S.C. § 12205.

7. Grant such other and further relief as may be just and proper.

**Plaintiff demands trial by jury.**

Dated: _November 28, 2007_

        DAVID L. SCHAUER, Plaintiff,

BY: McGUIRE and NORBY
His Attorneys
605 South 14th Street
Suite 100
Lincoln, Nebraska 68508
Telephone (402) 434-2390

By _____
Mark D. McGuire (#12738)
One of Said Attorneys

5