IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID L. SCHAUER, | ) | 4:07CV3282 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's motion for leave to amend pleadings (filing 16). The motion will be granted in part and denied in part.

This action originated in the District Court of Lancaster County, Nebraska, but on December 28, 2007, was removed to federal court by the defendant. The plaintiff's original complaint alleges a single claim of discrimination (for failure to rehire) that is brought under the Americans with Disabilities Act of 1990. The defendant answered the complaint on January 17, 2008.

The proposed amended complaint adds two claims alleging that the defendant (1) failed to make a reasonable accommodation for the plaintiff's disability under the ADA and (2) retaliated against the plaintiff for filing a claim under an employee benefit plan covered by the Employee Retirement Income Security Act of 1974. The defendant does not object to adding the ERISA claim, but does object to the additional ADA claim for the reason that the plaintiff has failed to exhaust administrative remedies. In support of its "futility" objection, the defendant has filed an authenticated copy of the charge of discrimination that the plaintiff filed with the Equal Employment Opportunity Commission on January 24, 2005.

42 U.S.C. § 2000e-5(e)(1), which is incorporated by reference into Title I of the ADA, *see* 42 U.S.C. § 12117(a), requires, as a jurisdictional prerequisite, the filing of a charge of discrimination with the EEOC that states the date, place, and circumstances of the alleged unlawful employment practice. *See Greer v. Emerson Elec. Co.*, 185 F.3d 917, 922 n.10 (8th Cir. 1999). *See also Randolph v. Rodgers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies.") Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter. *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002).

The plaintiff alleges in the proposed amended complaint that "[all conditions precedent to jurisdiction under § 107 of the ADA . . . have occurred or been complied with." (Filing 16-2, ¶ 2.) Specifically, it is alleged that:

> (a) A charge of employment discrimination on the basis of disability was filed . . . within 180 days of the commission of the unlawful employment practice alleged herein.
> (b) A Notification of Right to Sue was received from the EEOC on or about September 10, 2007.
> (c) This action was initiated within 90 days of receipt of the EEOC's Notification of Right to Sue."

(*Id.*) No copy of the discrimination charge or right-to-sue letter is attached to the complaint or proposed amended complaint.

The plaintiff argues that the court cannot examine a copy of the discrimination charge for purposes of deciding his motion for leave to amend. He points out that "when a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion," *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001 (8th Cir. 2007), and then asserts that the discrimination charge is a "matter outside the pleadings" which can only be considered in connection with a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

2

In this circuit, a court deciding a Rule 12(b)(6) motion may consider, in addition to the pleadings, materials "embraced by the pleadings" and materials that are part of the public record. *In re K-tel Intern., Inc. Securities Litigation*, 300 F.3d 881, 889 (8th Cir. 2002) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999)). The discrimination charge is specifically referenced in the plaintiff's pleadings and is necessarily embraced by such pleadings. It is also part of the public record. *See Faibisch*, 304 F.3d at 802-03 (EEOC charge may be considered on a motion to dismiss without converting it into a motion for summary judgment). The discrimination charge therefore will be considered to determine whether the proposed amendment to add another ADA claim would be futile.

The discrimination charge shows that the plaintiff complained to the EEOC that he was discriminated against on the basis of disability between May 26, 2004, and November 1, 2004. He provided the following particulars:

> I was hired on/about February 18, 1999 as a Machinist. The company was aware of my medical condition. I safely and satisfactorily performed my duties until on/about June 14, 2002, when I was furloughed. On/about May 26, 2004, I received my recall notice which stated that since I had been furloughed for a period longer than six months, I had to be medically cleared prior to my return to duty. On/about June 6, 2004, I received the company's Medical Questionnaire and completed it. On/about June 11, 2004, I was notified by the Medical Officer that based on "objective" medical evidence, a determination had been made that I was not medically qualified to return to duty as a Machinist in the Lincoln Diesel Shop. The letter further stated that, should I become eligible for recall to other Machinist positions, such as the Havelock Wheel Plant, my case would be reviewed again. On/about July 7, 2004, I received a second letter from the Medical Officer stating that my case had been reviewed and the following workplace activity restrictions were approved based on medical evidence obtained to date: Limited to positions that can safely be done with left arm alone". Prior to being furloughed, I had sustained a work-related injury, but I had been released back to work without any kind of restrictions. *I did not request and/or need an accommodation*

> *to perform my job duties*. On/about May 14, 2002, I underwent a Functional Capacity Evaluation (FCE) which indicated I should be released back to work without restrictions. This is the last medical information provided to the company before I was furloughed. I have not provided any further medical information that would change and/or impact the FCE results/recommendations and believe that the company is using my medical condition as a means in which to disqualify me from all jobs within the company.
>
> I believe that I have been discriminated against due to the company's record of my medical condition and perception that I am disabled, in violation of the Americans with Disabilities Act of 1990.

(Filing 18, Exhibit 2 (emphasis supplied).)

Allegations made in a subsequently filed lawsuit are not required to mirror the administrative charges. However, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Duncan v. Delta Consol. Industries, Inc*., 371 F.3d 1020, 1025 (8th Cir. 2004) (quoting *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir.1988) (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir.1985))). "Allegations outside the scope of the EEOC charge . . . circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Id.* (quoting *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir.2000). While an administrative charge must be broadly construed for exhaustion purposes, "there is a difference between liberally reading a claim which 'lacks specificity,' and inventing, *ex nihilo*, a claim which simply was not made." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir.1996) (citation omitted).

"[A]t least in this Circuit, failure to accommodate and disparate treatment are two separate theories of liability under the ADA." *Voeltz v. Arctic Cat, Inc.*, 406 F.3d 1047, 1051 (8th Cir. 2005). The plaintiff in this case only claimed in his EEOC filing that he was "discriminated against due to the company's record of [his] medical

4

condition and perception that [he was] disabled." He explicitly stated that he "did not request and/or need an accommodation to perform [his] job duties." Under these circumstances, the plaintiff will not be permitted to amend his complaint to add a failure-to-accommodate claim.

Accordingly,

IT IS ORDERED that the plaintiff's motion for leave to amend pleadings (filing 16) is granted in part and denied in part, as follows:

1. The plaintiff is granted leave to file an amended complaint, within 10 days, to add an ERISA claim as set forth in the "third claim for relief" alleged in the proposed amended complaint attached to the plaintiff's motion.

2. In all other respects, the motion is denied. In particular, the plaintiff is denied leave to add a claim that the defendant failed to make an accommodation under the ADA as set forth in the "second claim for relief" alleged in the proposed amended complaint.

April 4, 2008. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

5