IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID L. SCHAUER, | ) | 4:07CV3282 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's motion to compel discovery (filing 52). The motion will be denied.

The plaintiff, David L. Schauer ("Schauer"), was employed by the defendant, BNSF Railway Company ("BNSF"), as a machinist in the BNSF Havelock Wheel Plant in Lincoln, Nebraska, beginning in February 1999. Schauer's right arm has several congenital anomalies. He injured his left arm in a work-related injury in October 2001, and was placed on restricted duty until June 2002, at which time he was furloughed by BNSF. Schauer was notified in May 2004 that he was being recalled to service at a different facility, the Lincoln Diesel Shop, but BNSF subsequently determined from a medical evaluation that Schauer was disqualified from working at any position in the Lincoln Diesel Shop and would be restricted to working at other positions that he could safely perform by using his left arm alone. There allegedly were no such positions available.

Schauer claims that BNSF violated the Americans with Disabilities Act. Both parties have moved for summary judgment.

Schauer's motion to compel discovery challenges the sufficiency of BNSF's answers to Interrogatories 23 and 26,[1] which are set forth below together with its answers to four related interrogatories:

> INTERROGATORY NO. 21: Identify by job title all jobs or positions located in Nebraska within Defendant's company that Defendant knows or believes Plaintiff can safely perform with his left arm alone.
> ANSWER: If the question is limited to safety and not to plaintiff's qualifications for these positions then the following jobs could be safely done with one arm: Yardmaster, Assistant Roadmaster, Generalist Human Resources, Wheel Plant Manager, Field Manager-Medical and Environmental, Supervisor Welding, Plan Maintenance Coordinator, First Line Supervisor-Mechanical (limited to Havelock Wheel Plant - description called FLS Assessment Center Posting - Transportation, Engineering, Mechanical, Clerical), Manager of Signals, Director Administration, Crew Hauler, and Manager Locomotive Maintenance.
>
> INTERROGATORY NO. 22: Identify by job title all jobs or positions located in Nebraska within Defendant's company that Defendant knows or believes Plaintiff cannot safely perform with his left arm alone.
> ANSWER: If the question is limited to safety and not to whether Plaintiff was qualified for any of these positions, the following positions cannot be safely performed with by Plaintiff with his left arm alone: Technical Analyst, Machinist, Laborer, Electrician, Carman (Railcar Repair Person), Pipefitter (Sheet Metal Worker), Conductor /Brakeman Engineer (internal posting - only Conductor's may apply; no job description available), Maintenance of Way Laborer, Signal Maintainer, Division Engineer, Roadmaster, Construction Roadmaster, Mechanical Foreman II, Mechanical Foreman Cars, Car Foreman (First Line

---

[1] On October 14, 2008, after Schauer's counsel represented in an affidavit that he was unable to respond effectively to BNSF's motion for summary judgment without answers to Interrogatories 23 and 26, I granted a continuance pursuant to Federal Rule of Civil Procedure 56(f), pending resolution of the motion compel discovery.

Supervisor - description called FLS Assessment Center Posting - Transportation, Engineering, Mechanical, Clerical), Material Manager, Shop Superintendent, General Foreman Locomotive and Cars, General Foreman II Cars, General Foreman III, Supervisor Structures, General Construction Supervisor, Superintendent of Operations II, Trainmaster, Assistant Trainmaster, Roadforeman of Engines, Terminal Superintendent II, Assistant Terminal Superintendent, Terminal Manager, Special Agent in Charge, Senior Patrol Officer, Manager Safety, Manager TY & E Field Training, Electronic Technician, Telecommunications Maintainer Manger [sic], Telecommunication Maintainer, Bridge and Building Helper/Driver, Electrician System, Supervisor Roadway Equipment, General Supervisor Signals, Signal Electronic Technicians, Superintendent Field Operations, Manager Quality Production, Sr. Trainmaster/Road Foreman, Chief Clerk - Materials Management, Signal Person, and Store Foreman.

INTERROGATORY NO. 23: Identify by job title all jobs or positions located in Nebraska within Defendant's company that Defendant knows or believes Plaintiff cannot safely perform with both of his arms, in the condition Defendant knows or understands they exist.
ANSWER: Defendant does not know the current condition of the Plaintiff's arms without a current functional capacity evaluation and has no way of knowing which jobs Plaintiff cannot safely perform with both of his arms.

INTERROGATORY NO. 24: Identify all Machinist jobs or positions within Defendant's company that Defendant believes Plaintiff can safely perform with his left arm alone.
ANSWER: None.

INTERROGATORY NO. 25: Identify all Machinist jobs or positions within Defendant's company that Defendant believes Plaintiff cannot safely perform with his left arm alone.
ANSWER: See Answer No. 24.

INTERROGATORY NO. 26: Identify all Machinist jobs or positions within Defendant's company that Defendant believes Plaintiff

3

cannot safely perform with both of his arms, in the condition Defendant knows or understands they exist.
ANSWER: See Answer to Interrogatory No. 23, above.

(Filing 52-2 at CM/ECF pp. 11-14, "Defendant's Answers to Plaintiff's Second Set of Interrogatories" (Exhibit 5 to Plaintiff's Motion to Compel Discovery).)

Schauer states that "BNSF's knowledge of [his] current medical condition is not material to the issue of BNSF's liability for its past discriminatory conduct" (Filing 58 at CM/ECF p. 3), and argues that BNSF's answers to Interrogatories 23 and 26 are thus nonsensical. However, both of these interrogatories specifically reference the existing condition of Schauer's arms. I find that BNSF's answers are responsive to the questions asked, and will not require it to respond any further.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's motion to compel discovery (filing 52) is denied.

2. Plaintiff shall have until December 3, 2008, to respond to Defendant's motion for summary judgment (filing 47).

November 13, 2008.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge